**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JEFFREY D. LESTER | ) | CASE NO.  09-70048 |
| SANDRA K. LESTER | ) | |
| | ) | |
| Debtors. | ) | CHAPTER 11 |

## MEMORANDUM DECISION

The matters before the Court concern the Debtors' hotly disputed efforts to obtain confirmation of their Second Amended Chapter 11 Plan (the "Plan") filed on April 20, 2010. Opposing their efforts is Grundy National Bank ("Grundy"), to which they encumbered their home at its request prior to the filing of this bankruptcy case for the purpose of providing restitution for losses incurred by the bank as a result of the criminal actions of their son while employed as one of its loan officers.  The central issue in this case is whether the Debtors, utilizing their powers as Chapter 11 debtors-in-possession, can successfully avoid that restitutionary transaction (the "transaction").  They assert that if they can avoid that transaction, they will be able to pay in full their regular creditors, but that they will only be able to pay them a fraction of what is owed if they are obliged to fulfill its terms.  Grundy has raised numerous objections to confirmation of the Plan in its pleading filed with the Court on May 28, 2010.  A confirmation hearing was held before the Court on June 1, 2010, after which counsel for the parties have briefed several specific issues.  For the reasons noted below, the Court will deny confirmation of the Plan, but it will not rule at this time on all of the arguments which have been advanced by counsel.

The war between the Debtors and Grundy is being fought on two fronts – first, the

confirmation process for the Plan and other proceedings in the bankruptcy case, and second, the adversary proceeding which seeks to avoid the transaction pursuant to 11 U.S.C. § 548 as well as purported state law causes of action asserting fraud and constructive fraud on the part of Grundy. Because to this point these fronts have been simultaneously active, the Debtors have been obliged to propose a Plan with accompanying Second Amended Disclosure Statement setting forth varying treatments of the claims of their creditors depending on whether their adversary proceeding would be wholly successful, or entirely unsuccessful, or might result in the lien against their home being avoided but leaving in place the debt to Grundy originating from the transaction.  As a result of that posture, Grundy has raised objections to confirmation based upon these alternate possible outcomes, at least some of which would be rendered moot by the final determination of the adversary proceeding.  While up to this time the Court has attempted to continue moving forward concurrently in both the case and the adversary proceeding, it has concluded that this effort has been unsuccessful and that the ends of justice will be served by expediting the determination of the adversary proceeding as much as is reasonably possible and then take up the confirmation of a clarified and hopefully simplified version of the Plan.  Until the status of the transaction is resolved, it simply is not going to be practical to be able to provide to the Debtors' other creditors a clear understanding of how much and when the Lesters propose to pay them pursuant to the terms of a plan of reorganization.  Furthermore, many of the issues Grundy has raised as objections to confirmation it has also raised as defenses in the adversary proceeding[1] and a determination of those issues in the adversary proceeding will considerably

---

[1] For example, Grundy claims that the Debtors lack standing in the adversary proceeding because they originally filed it as Chapter 13 debtors before the case was converted to Chapter 11, that criminal restitution is not dischargeable in bankruptcy, and that it would offend public

simplify the confirmation process.  Similarly, if the Debtors are successful in the adversary proceeding and entirely set aside the transaction, the objections to confirmation asserted by Grundy with respect to the proposed treatment of its secured claim against the Debtors' residence property will be completely moot because that secured claim will no longer exist.

The Debtors have scheduled their residence property as being worth $44,200.00 (Schedule A).  Against that property they have scheduled their regular mortgage indebtedness in an amount of $4,986.16, which is not disputed, and the transaction in favor of Grundy in the amount of $78,629.87, which, as already noted, is most definitely disputed (Schedule D).  Grundy rejects the Debtors' valuation of such property and contends that the true value is much higher.  Both the Debtors testified at the confirmation hearing.  Mr. Lester testified that the tax assessed value of the property was $45,000 but that he had no opinion of his own as to the fair market value of such property.  Counsel for Grundy objected to the testimony as to the tax assessed value on the ground of hearsay and this objection was sustained.  Mrs. Lester testified that, in her opinion, the fair market value of the property is $30,000 or $35,000, but she was not able to provide any supporting information or rationale as to how she arrived at that opinion.  She stated that although she was aware of the tax assessed value of the property, it did not influence her opinion offered at the hearing.  She further stated that when she helped prepare the bankruptcy schedules she believed that the property was worth $42,000 based on the tax value.  She admitted that if she had the property on the market to sell, she would not accept $35,000 for it.  The Court, while acknowledging that an owner of property is qualified to testify as to its

---

policy to permit them to avoid a secured guarantee of a federal criminal restitution obligation, all of which are asserted as defenses in the adversary proceeding and also demonstrate, in Grundy's view, that the Debtors filed their bankruptcy case and proposed the Plan in bad faith.

3

value, does not give Mrs. Lester's opinion much weight as evidence of such value because her opinion does not provide any meaningful basis or rationale for how she arrived at her opinion. The Court finds that the evidence is insufficient for it to make a reliable finding as to the market value of the Debtors' residence, which is their principal non-exempt asset.

## CONCLUSIONS OF LAW

This Court has jurisdiction over this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. The Court's consideration of the Debtors' Amended Disclosure Statement and Amended Plan is a "core" bankruptcy proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

The burden of proof to establish that a chapter 11 plan satisfies the statutory requirements for confirmation falls on the plan's proponent. *See In re PPI Enters. (U.S.), Inc.*, 324 F.3d 197, 203 (3rd Cir. 2003). *See generally*, B. Russell, *Bankruptcy Evidence Manual*, Vol. 2, § 301.76 at pp. 349-52 (West, 2009-2010 ed.)**.**

One of the objections to confirmation raised by Grundy is based upon 11 U.S.C. § 1129(a)(7)(A)(ii), which mandates that each holder of a claim which is impaired under the proposed plan will "receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date[.]" In order for the Court to determine that a Chapter 11 debtor's creditors will receive under a Chapter 11 plan of reorganization, as of the effective date of such plan, at least as much

as they would receive in a Chapter 7 liquidation, it is necessary for the Court, unless none of such creditors will be impaired by the plan, to determine the value of the non-exempt property that would be available to the creditors in such a case.

The Court has explained its factual finding that the evidence offered as to the value of the Debtors' residence property was insufficient for it to make a reliable finding of such property's value.  The county tax assessed value standing alone is hearsay because it is offered for the truth of the matter asserted and is not subject to cross-examination.  Mr. Lester testified that he had no personal opinion as to the value of the property and is bound by that testimony.  Mrs. Lester's testimony was unsupported.  Accordingly, the Court finds itself in the same position as it did ten years ago in the case of *In re Brown*, 244 B.R. 603 (Bankr. W.D. Va. 2000) (Chapter 13 case), in which it "decided that such testimony was insufficient to establish in the Court's mind an 'actual belief . . . derived from the evidence' as to the validity of the valuation opinion. . . ."  244 B.R. at 612, quoting from *Northern Virginia Power Co. v. Bailey*, 194 Va. 464, 73 S.E.2d 425, 429 (1952), which itself quoted from *Sargent v. Massachusetts Accident Co.*, 307 Mass. 246, 29 N.E.2d 825, 827 (1940).

Therefore, Grundy's objection to confirmation on the ground noted will be sustained.  Once the adversary proceeding has been resolved and the viability or mootness of Grundy's other objections to confirmation is apparent, the Court will take up all remaining relevant objections.  It will also set a date for the Debtors to file a further amended plan of reorganization and disclosure statement.  For the same reasons already expressed, the Court declines to rule at this time upon Grundy's Motion to allow it to vote all of its claims for the purpose of accepting or rejecting the proposed plan (docket entry 110), the Debtors' Motion to

5


Confirm Plan Notwithstanding Balloting "Cramdown" (docket entry 116) and Grundy's Objection to the Plan Ballot Summary (docket entry 117), but will do so as may be needed upon its determination of the adversary proceeding. An Order to such effect shall be entered contemporaneously herewith.

DECIDED this 13th day of July, 2010.

*William F. Stone, Jr.*
UNITED STATES BANKRUPTCY JUDGE